**United States District Court**
**For the**
**District of Massachusetts**

04 10691 PBS

------------------------------------------------

Jean Comas                        ]
                                  ]
VS.                               ]        NO:
Bruce Chadborne, Field Office     ]
Director for Detention and Removal ]    MAGISTRATE JUDGE Cohen

------------------------------------------------

RECEIPT # _____ 5498
AMOUNT $ _____
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE _____ 4-5-04

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF HABEAS CORPUS

This is an action brought pursuant to 28 USC Sec. `1331, 28 USC § 2241, 5 USC

§ 551 *et. Seq.* and the All writs Act, 28 USC § 1651 for declaratory and injunctive relief,

to protect the Petitioner's rights under the Due Process Act of the Fifth Amendment to

the Constitution and applicable federal law, and to issue a writ of habeas corpus, and

enjoin Petitioner's detention and removal from the United States. In support of this

petition, Petitioner states as follows:

### JURISDICTION AND VENUE

1.  This action arises under the Constitution, the Immigration and nationality act of 1952 as amended (INA), 8 USC § 1101 *et seq* and the administrative procedures act (APA),

2.  Venue lies in the United States District Court for District of Massachusetts where Petitioner's removal proceedings were held and where he is being held at the Plymouth County House of Correction.

3.  Petitioner is a native and citizen of Haiti who has been a lawful permanent resident of the United States since March 1, 1989.

4.  Bruce Chadborne is the Field office Director for Detention and Removal of the Bureau of the Immigration and Customs Enforcement, of the Department of Homeland Security. He is the immediate custodian of the Petitioner.

5.  Petitioner has exhausted his administrative remedies by appealing his removal to the Board of Immigration Appeals, which dismissed his appeal on December 12, 2003.

6. This being a case of criminal removal the First Circuit lacks jurisdiction to consider a petition for review 8 U.S.C. sec. 1252(a)(C).

7. Petitioner was admitted to the United States as lawful permanent resident on as a young man. He is married to a United States Citizen and has United States citizen children.

8. On December 10, 1995 the petitioner pled guilty to the offense of manufacturing , distribution, or Dispense Class B Substance (MGL ch. 94C, § 32(a). This is an aggravated felony 8 U.S.C. § 1101(a)(43)(B).

9. On April 20, 1999 the petitioner pled guilty to the offense of assault and battery with a dangerous weapon (MGL ch. 265 § 15A) and received a sentence of nine months in the house of correction. There had been a previous surrender hearing on another matter which resulted in a sentence of six months in the house of correction which may have lead to an erroneous conclusion by the Board of Immigration Appeals that the second case was also an aggravated felony. This determination had no legal effect on the removal order.

10. On May 11, 2001 legacy Immigration and Naturalization Service served a Notice to Appear on the petitioner alleging that Petitioner was removable as an aggravated felon based on the 1995 conviction. The Notice to Appear was amended with an I-261 alleging an additional charge as it related to the 1999 conviction on November 13, 2001. The respondent sought relief under INA sec. 212(c) and cancellation under INA 240A. The judge denied the petitioner any relief, alleging he was without jurisdiction to do so, and ordered the Petitioner removed on May 15, 2002. . Petitioner filed an appeal with the Board of Immigration Appeals on June 13, 2002. The appeal was denied on December 12, 2003.

11. On March 26, 2004 Immigration and Customs Enforcement arrested the petitioner and transported him to the Plymouth House of Correction to await removal to Haiti.

12. On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 1001 Stat. 1214 (AEDPA). § 440(d) of AEDPA amended INA §212(c) to preclude aliens convicted of certain crimes from seeking waivers in deportation proceedings. The Illegal Reform and Immigrant Responsibility Act of 1996 (IIRIRA) repealed entirely the 212(c) relief. A new procedure was instituted called cancellation of removal INA sec. 240(a)(A). There is also a waiver of certain crimes of moral turpitude available to aliens under INA 212(h). However, both cancellation and 212(h) relief is not available by statute to persons already lawful permanent residents who were convicted of aggravated felony.

13. This was part of a unified scheme of relief reform instituted in one package by Congress. Many of the definitions were made retroactive, including the elimination of 212(c) relief for pre-AEDPA crimes.

14. The United States Supreme Court in *INS vs. St. Cyr*, 533 U.S. 289 (2001) reinstated 212(c) relief for those who pled guilty prior to the effective date of AEDPA. Therefore, under *St. Cy,* the petitioner again had 212(c) relief available to waive the aggravated felony conviction.

15. The first conviction can still be relied upon as a crime of moral turpitude in a charge of removability even if relief was granted under 212(c) if a second crime is later committed *Matter of Balderas* 20 I&N Dec.389 (BIA 1991). The Board of Immigration Appeals does not consider the waiver to eliminate the crime for immigration purposes, but rather to waive its effect on the alien's status for admission or removal.

16. Therefore, the respondent would face removal for two crimes of moral turpitude based on the second conviction.

17. The Congress enacted a statutory scheme in 1996 which

    a. Allowed an alien only one opportunity for cancellation of removal. It indicated that an alien could not receive cancellation if he had previously received 212(c) relief or suspension of deportation.

    b. Did not permit waiver under 212(h) relief to a lawful permanent resident, although it is still available to a non lawful permanent resident.

    c. Did not grant cancellation of removal under INA 240A for aggravated felonies.

18. What the respondent wished to do was simultaneously apply for a waiver of the aggravated felony under 212(c) and cancellation of the subsequent crime of moral turpitude, or in the alternative receive 212(c) relief for the aggravated felony and 212(h) relief for the subsequent crime of moral turpitude combined with a new adjustment of status based on his marriage to a United States Citizen.

19. Clearly when Congress enacted the statutory scheme in 1996 they did not know the United States Supreme Court would re-institute 212(c) relief for pre-1996 aggravated felonies.

20. Therefore the statutory scheme lacks a mechanism for adjudicating this type of case. Language banning cancellation and 212(h) waivers based on aggravated felonies did not anticipate circumstances of available 212(c) relief.

21. The Immigration Court was wrong in not allowing the simultaneous application of both forms of relief in a single hearing. The statutory language was intended to prevent someone who had already obtained relief from getting it again; it was not

intended to prevent simultaneous granting because such proceedings were not available as contemplated by Congress.

## FIRST CLAIM FOR RELIEF
### (Substantive Due Process Violation)

22. The allegations set forth in paragraphs 1 through 22 above are repeated and realleged as though fully set forth herein.

23. As a lawful permanent resident, Petitioner is protected by every clause of the United States Constitution that is not expressly reserved to citizens. This protection includes the Fifth Amendment. The incorrect statutory interpretation of INA 240(A)(C) to eliminate relief from deportation for Petitioner, a long-time permanent resident, violates substantive due process under the Fifth Amendment of the United States Constitution because it increases penalties for the past conduct, and imposed new duties respect to transactions already completed.

## SECOND CLAIM FOR RELIEF
### (Equal Protection Violation)

24. The allegations set forth in paragraphs 1 through 22 above are repeated and realleged as though fully set forth herein.

25. As a lawful permanent resident, Petitioner is protected by every clause of the United States Constitution that is not expressly reserved to citizens. This protection includes the Fifth Amendment. The application of the 212(h) bar to lawful permanent residents when combined with the application of 212(c ) relief, when such is available to those not lawful permanent residents violates the equal protection clause.

## THIRD CLAIM FOR RELIEF
### (Due Process Violation)

26. The allegations set forth in paragraphs 1 through 22 above are repeated and realleged as though fully set forth herein.

27. The denial of simultaneous relief violates the due process clause of the United States Constitution because it denies the petitioner the rights afforded him by the United States Supreme Court in *St. Cyr*.

## FOURTH CLAIM FOR RELIEF
### (STATUTORY VIOLATION)

29. The interpretation of INA 240(A)(C) by the Immigration Judge is a interpretation not intended by Congress who did not consider a situation where INA 212(c ) relief was still available to an alien. Congress cannot be said to have considered the respondent's case and denied such relief.

4

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Honorable Court grant the following relief:

a.  Grant the writ of habeas corpus;

b.  Issue an injunction enjoining Respondents from deporting Petitioner;

c.  Declare that the application of INA 240(A)(C) in Petitioner's case violates the equal protection clause of the Fifth Amendment;

d.  Declare that the application of the INA 212(h) denial of relief to lawful permanent residents in Petitioner's case violates the equal protection clause of the Fifth Amendment;

e.  Declare that the application of INA 240(A)(C) is an erroneous interpretation of statute which has resulted in a due process violation as applied to the Petitioner;

f.  Vacate the order of deportation and remand the case to the Immigration Court for consideration of relief under former INA §212(c); INA 212(h) and INA 240(A).

g.  Award to Petitioner reasonable costs and attorneys' fees; and,

h.  Grant any other and further relief that this Honorable Court deems just and proper.

By his attorney,

Michael D. Greenberg Esq.
Law offices of Michael D. Greenberg
2343 Massachusetts Ave.
Cambridge, MA 02140
TEL: (617) 876-2020
FAX: (617) 876-0082
BBO# 209540