**United States District Court**
**For the**
**District of Massachusetts**

---

Jean Comas                              ]
                                        ]
VS.                                     ]         NO:
Bruce Chadborne, Field Office           ]
Director for Detention and Removal.     ]
                                        ]    04 10691 FBS

---

**EMERGENCY MOTION TO STAY REMOVAL PENDING RESOLUTION OF**
**THE PETITIONER'S PETITION FOR HABEAS CORPUS**

FACT PATTERN:

The petitioner was a lawful permanent resident of the United States, admitted to lawful permanent resident on March 1, 1989. He is married to an American citizen wife and has a number of American citizen children.

The petitioner was charged with a violation of Massachusetts General Law Chap. 94C, § 32A(a). He pled guilty on December 18, 1995 and received a suspended sentence of six months in the house of correction. He later was found in violation of probation and served the sentence. At the time of his conviction he had six years of unrelinquished residence in the United States. No action was taken to remove him at this time.

On April 20, 1999 he was convicted of A&B with a dangerous weapon in violation of Massachusetts General Law Chap. 265, § 15A. He received a sentence of nine months in the house of correction committed.

On March 17, 2001 the petitioner attempted to enter Canada for a visit and was denied entry. He was subject to deferred inspection on April 2, 2001 when he returned to the United States. Eventually, a deferred inspection took place on May 11, 2001. Since

petitioner had not been admitted into Canada he was not considered an arriving alien, however, the legacy INS placed him in removal proceedings and served a Notice To Appear on him on that date. Petitioner was released on his own recognizance, and has never been held on this matter until his arrest on March 26, 2004.

PROCEDURAL HISTORY

On May 11, 2001 the petitioner was served with a Notice to Appear. The allegation of removal was based on his 1995 drug trafficking conviction. Later the Government added an additional charge of removability based on his 1999 A&B DW conviction. The immigration judge ruled that the petitioner was not entitled to seek any form of relief and ordered him removed to Haiti. The decision was not discretionary.

This was appealed to the Board of Immigration Appeals which affirmed the decision and dismissed the petitioner's appeal on December 12, 2003. More than ninety days have gone by since his final order of removal.

THE PETITIONER WOULD SUFFER IRREPARABLE HARM IF PHYSICALLY REMOVED FROM THE UNITED STATES BEFORE THIS COURT ENTERED A DECISION.

The petitioner is currently suffering from a work related injury and needs medical attention and medication. His family and children rely on him for support, both emotional and financial.

Haiti is currently undergoing a period of civil instability, which makes it dangerous for any person returned there. Once the petitioner leaves the United States he would be inadmissible to return to the United States, and the government will argue that this Court has no authority to order his return.

THERE IS A SUBSTANTIAL LIKELIHOOD THAT THE PETITIONER WILL ESTABLISH HIS RIGHT TO RELIEF

**A. The petitioner does not qualify for cancellation of removal under the terms of the statute. However, Congress did not anticipate the reinstatement of 212(c ) relief.**

The petitioner has the appropriate time in to qualify for relief under INA section 240A (cancellation of removal). However, an alien is not eligible for relief if he has been " granted relief under section 212(c)..." INA 240(A)( C )(6). Since Congress abolished 212(c) relief in the same Act (IRIRA) it is safe to assume that the Congress did not anticipate using both forms of relief at the same time. The language of that particular paragraph clearly addresses an alien who received the enumerated relief in a previous removal proceeding, not one who seeks relief under two sections of law in one proceeding. It is clear that the provisions of the 1996 law were designed to limit relief to those who had not previously received discretionary relief from exclusion or deportation. Here, the alien has not received previous discretionary relief from deportation or exclusion. This is the only time that he has sought such relief.

The problematic language for the petitioner would appear to be as to cancellation of removal under 240A that the Attorney General may only cancel removal for a permanent resident if he "(3) has not been convicted of any aggravated felony." INA 240A(a)(3).

The Board of Immigration Appeals has held the 1995 conviction does not disappear from the record even if granted relief under section 212(c) of the act *Matter of Balderas,* 20 I & N Dec. 389, Interim Decision 3159 (1991). While such a conviction can be relied on again in subsequent proceedings as a crime of moral turpitude, the grant of relief does waive the finding of excludibility or deportability. Therefore it should be able to be used to waive the effect of the aggravated felony so that the petitioner can obtain cancellation.

3

Cancellation would be effective in granting relief for two crimes of moral turpitude or a previous drug case, which was not an aggravated felony.

The Congress did not anticipate the effect of the Supreme Court's holding in *St. Cyr*. Congress assumed that 212(c) relief no longer was available. Under limited circumstances such as the petitioner's (pre-1996 plea) he has the opportunity to seek such relief.

Since the Immigration Judge pretermited his seeking relief at the Master Calendar hearing we do not know if such relief would have been granted as a question of discretion.

**B. The petitioner could be eligible for relief by adjustment of status if he is eligible for both 212(c) relief for the aggravated felony, and 212(h) relief for the crime of moral turpitude.**

In the case of *In Re Issac Jeyakumar Asirvatham A40-104-383* the Board indicated one could seek both a 212(h) waiver and a 212(c) waiver in the same proceeding. The problematic language for the petitioner preventing adjustment would be his need for a 212(h) waiver to remove the crime(s) of moral turpitude. However, "No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully for permanent residence if either since the date of such admission the alien has been convicted of an aggravated felony...." INA 212(h).

It would appear that the granting of 212(c) relief is not akin to a pardon or expungement of the conviction *Matter of Baalderas* 20 I&N Dec. 389 (1991). The first conviction, as a crime of moral turpitude may be relied on in conjunction with the second conviction to sustain a charge of two convictions of crimes of moral turpitude. The grant of a 212(c) waiver should ameliorate the aggravated felony aspect of the conviction so

4

that the petitioner may adjust his status or be eligible for cancellation of removal. Prior to Congress amending 212(h) in 1996 (§348 of (IIRAIRA) the waiver was not available to those who had committed murder, or criminal acts involving torture. So, that it is only after the IIRIRA's amendments that Congress added the language as to any aggravated felony. It was clear that Congress intended to deny either adjustment, or cancellation to those who had committed an aggravated felony. However, the Supreme Court in *St. Cyr* indicated that "A statute cannot be applied retroactively,...absent a clear indication from Congress that it intended such a result." This Court should apply the longstanding principle that "Any lingering ambiguities in deportation statutes favor the alien" The lack of an ability to apply for 212(h) relief "attaches a new disability, in respect to transactions or considerations already past" Therefore, the application of the bar in 212(h) would have the same impermissible retroactivity found by the Supreme Court in *St. Cyr* of being "contrary to familiar considerations of fair notice, reasonable reliance, and settled expectations."

CONCLUSION

Application of the bars of cancellation and to 212(h) relief would be retroactive application of the bars found impermissible in *St. Cyr* Petitioner should have been permitted to apply in a single proceeding for 212(c) relief for the 1995 conviction and 212(h) relief for the effect of the crime of moral turpitude. The Court should declare that the petitioner be given an opportunity to apply for discretionary relief, and order the release of the petitioner pending resolution of his case.

By petitioner's attorney,

_____
Michael D. Greenberg Esq.
GREENBERG & PANICO
2343 Massachusetts Ave.
Cambridge, MA 02140
(617) 876-2020
BBO#209540