UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEAN COMAS, | : | |
|       Petitioner, | : | CA No. 04-10691-PBS |
| | : | |
| v. | : | |
| | : | |
| BRUCE CHADBOURNE, | : | |
|       Respondent. | : | |

RESPONDENTS' MEMORANDUM IN SUPPORT OF THE
<u>MOTION TO DISMISS</u>

<u>Introduction</u>

The Petitioner, a criminal alien ordered removed based upon convictions for a controlled substance violation (an aggravated felony) and two crimes of moral turpitude, seeks an order from this court, directing the Board of Immigration Appeals ("BIA") to consider the Petitioner for discretionary relief from deportation under former section 212(c) of Immigration and Nationality Act ("INA"), former 8 U.S.C. § 1182(c) ("§212(c) relief"), and the related relief under current 8 U.S.C. § 1229b(a) ("cancellation of removal").  The Petitioner also seeks an order directing that the BIA consider Petitioner's application for adjustment of status.

For the reasons stated more fully herein, the Petition fails to state a claim upon which relief may be granted and, consequently, must be dismissed.

<u>Factual and Procedural Background</u>

The Petitioner is a citizen of Haiti and was admitted to the United States as a lawful permanent resident on March 1, 1989.  On December 12, 1995, Petitioner was convicted in Massachusetts state court of the offense of Manufacturing/Distributing/Dispensing Cocaine and received a six month suspended sentence.  On April 20, 1999, Petitioner was convicted in

Massachusetts state court of assault and battery with a dangerous weapon and was sentenced to nine months imprisonment.

On May 11, 2001, Petitioner was placed into removal proceedings by a Notice to Appear ("NTA"), and charged with removability on the bases of his having been convicted of an aggravated felony (8 U.S.C. § 1227(a)(2)(A)(iii)) and a controlled substance violation (8 U.S.C. § 1227(a)(2)(b)(i)) (the 1995 drug conviction satisfies both charges). The NTA was later amended to add that Petitioner was also removable as an alien convicted of two crimes involving moral turpitude not arising under a single scheme of criminal misconduct (8 U.S.C. § 1227(a)(2)(A)(ii)), viz., the 1995 drug conviction and the 1999 assault and battery conviction.

Petitioner was represented in the removal proceeding and conceded the substantive charges of removability. Petitioner sought discretionary relief from removal under former section 212(c) of the INA and "cancellation of removal" under present section 240A(a)(8 U.S.C. § 1229b(a). The Petitioner also sought to adjust his status based upon an alleged marriage to a United States citizen under current INA section 245(a). 8 U.S.C. § 1255(a). In order to be eligible adjust his status, Petitioner also sought a discretionary waiver of the aggravated felony conviction under 8 U.S.C. § 1182(h).

By oral decision dated May 15, 2002, the Immigration Judge ("IJ") found Petitioner ineligible for relief from removal and ordered removal to Haiti. The IJ ruled that although Petitioner was eligible to apply under former §212(c) for a waiver of the effect of the 1995 drug conviction pursuant to the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001), Petitioner remained deportable as an alien convicted of two or more crimes involving moral turpitude, and there was no relief available to him from that basis of removability.

The BIA affirmed the determination of the IJ by written decision dated December 12, 2003.[1]

The Respondent notes that Petitioner is barred from seeking judicial review of his removal order at the circuit court of appeals because he is a criminal alien. 8 U.S.C. § 1252(a)(C).

## BACKGROUND LAW

**I.      Former INA § 212(c)**

Prior to April 1996, lawful permanent resident aliens who were deportable because they committed certain criminal offenses could apply for a waiver of deportation, known as a § 212(c) waiver.

> The Immigration and Nationality Act of 1952 . . . gave the Attorney General discretion to permit aliens lawfully admitted for permanent residence to return after a temporary absence. This seemingly innocuous provision was later interpreted to permit the Attorney General, as a matter of discretion, to waive deportation for removable aliens already within the United States. . . . Such waivers came to be known as "212(c) waivers" or "212(c) relief."

Carranza v. INS, 277 F.3d 65, 68 (1st Cir. 2002) (citations omitted). The discretion to grant such a waiver was vested with the Attorney General of the United States. Id.

**II.     Modification and Repeal of Section 212(c) Relief under AEDPA and IIRIRA**

In early 1996, Congress significantly restricted the availability of § 212(c) relief when it passed the Antiterrorism and Effective Death Penalty Act of 1996, Pub. Law No. 104--132 ("AEDPA"), eliminating § 212(c) relief for a large number of criminal aliens. See Leitao v. Reno, 311 F.3d 453, 454 (1st Cir.2002).

---

[1] The BIA decision erroneously states that the 1999 conviction was for an aggravated felony: it was not, but the 1995 conviction was, and the error is without legal consequence.

In September 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). "The IIRIRA . . . changed the form and method by which the Attorney General and through him or her the INS, . . . may grant discretionary relief. Congress abolished 212(c) waivers entirely and substituted a process called 'cancellation of removal.'" Carranza, 277 F.3d at 69-70; see also, 8 U.S.C. § 1229b. "The new procedure is considerably more restrictive. Of particular interest here, it prohibits the Attorney General from exercising his or her discretion to halt the removal of any alien convicted of an aggravated felony. Id. § 1229b(a)(3)." Carranza, 277 F.3d at 70.

### III. The Substituted Relief of Cancellation of Removal

An alien convicted of a crime after the effective date of IIRIRA must seek "cancellation of removal." The relief of "cancellation of removal" is substantially more restricted than relief under former §212(c). The relevant provision provides that:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--
> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
> (3) has not been convicted of any aggravated felony.

8 U.S.C. 1229b(a). See also, Carranza, 277 F.3d at 71 ("an aggravated felon who was convicted

of the predicate crime after the effective date of the IIRIRA . . . . has no statutory right to any particular process for withholding deportation.").[2]

The statute also makes ineligible any criminal alien who has been granted relief from removal, including §212(c) relief, see 8 U.S.C. §1229b(c)(6), thus limiting criminal aliens to "one bite" at the proverbial "apple" of discretionary relief.

IV.     **The Supreme Court's Ruling in *INS v. St. Cyr***

The Supreme Court weighed in on the effects of the statutory amendments in INS v. St. Cyr, 533 U.S. 289 (2001). While recognizing that "within constitutional limits, Congress has the power to enact laws with retrospective effect," id. at 316, the Court concluded that IIRIRA's elimination of §212(c) relief did not clearly express congressional intent that the repeal be applied retroactively. Consequently, IIRIRA's repeal of section 212(c) relief could not be retroactively applied to aliens who entered pleas of guilty to crimes before the effective date of

---

[2]The provision barring discretionary relief to "aggravated felons" operates in tandem with the definition of "aggravated felony" adopted by Congress in IIRIRA. See 8 U.S.C. §1101(43)(B) (defining aggravated felony, *inter alia*, as any crime involving "illicit trafficking in a controlled substance"). Congress expressly stated that this definition was to be applied retroactively. Id. Indeed, the Supreme Court has cited this particular provision as an example of:
> Congress' willingness . . . to indicate unambiguously its intention to apply specific provisions retroactively. IIRIRA's amendment of the definition of 'aggravated felony,' for example, clearly states that it applies with respect to 'conviction[s] . . . entered before, on, or after' the statute's enactment date.

St. Cyr, 533 U.S. at 319 (quoting IIRIRA § 321(b)).

5

that section.³  Specifically, the Court concluded:

> IIRIRA's elimination of any possibility of § 212(c) relief for people who entered into plea agreements with the expectation that they would be eligible for such relief clearly attaches a new disability, in respect to transactions or considerations already past. . . .
> Given the frequency with which § 212(c) relief was granted in the years leading up to AEDPA and IIRIRA, preserving the possibility of such relief would have been one of the principal benefits sought by defendants deciding whether to accept a plea offer or instead to proceed to trial. . . .
> Because respondent, and other aliens like him, almost certainly relied upon that likelihood in deciding whether to forgo their right to a trial, the elimination of any possibility of § 212(c) relief by IIRIRA has an obvious and severe retroactive effect. . . .
> We find nothing in IIRIRA unmistakably indicating that Congress considered the question whether to apply its repeal of § 212(c) retroactively to such aliens. . . .
> We therefore hold that § 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect.

St. Cyr, 533 U.S. at 321-323 and 325-326 (citations and quotations omitted).  Consequently, St. Cyr preserved the rights of aliens, like the Petitioner, to seek a waiver of removal under former §212(c) where they had entered pleas of guilty prior to the adoption of AEDPA and IIRIRA.

## V.     The Immigration Judge's Findings

The Petitioner was convicted of narcotics distribution in 1995, and assault and battery by means of a dangerous weapon in 1999.  The Petitioner does not contest his convictions, or that his convictions render him removable.  After hearing, the Petitioner was ordered removed on

---

³The Supreme Court also concluded that IIRIRA did not foreclose all use by aliens of 28 U.S.C. § 2241, the general habeas corpus statute.  The scope of habeas review, however, is limited to claims of legal or constitutional error.  See, e.g., Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.")

three distinct grounds: (1) he had committed a controlled substances violation (based upon the 1995 narcotics conviction); (2) he had committed an aggravated felony (based upon the 1995 conviction); and (3) he had committed two crimes involving moral turpitude (based upon the 1995 and 1999 convictions).

The IJ found, and the Respondents do not contest, that the Petitioner is eligible for §212(c) relief with regard to the 1995 narcotics conviction. Such relief, if granted, would dispose of only the first two grounds for removal.

The Petitioner was also ordered removed as an alien convicted of two crimes involving moral turpitude (the 1995 and 1999 convictions). Discretionary relief from this third ground for removal was governed by IIRIRA. Despite the Petitioner's eligibility for relief from the first two grounds for removal, the IJ concluded that Petitioner was statutorily barred by the provisions of IIRIRA from seeking discretionary relief as to this third ground for removal. The Petitioner cannot seek "cancellation of removal" because his 1995 narcotics conviction is an "aggravated felony." Aggravated felons are ineligible for cancellation. See 8 U.S.C. §1229b(a)(3). Consequently, the IJ ordered the Petitioner removed.

## ARGUMENT

**I.     The Petitioner's Argument**

The Petitioner does not contest his convictions, or that his convictions render him removable on the grounds stated. Respondents do not contest that the Petitioner would be eligible for §212(c) relief as to the first two grounds of removal. Indeed, were the 1995 narcotics conviction the only obstacle, the Petitioner would remain eligible for discretionary relief from removal.

Under IIRIRA, however, the Petitioner is statutorily barred from seeking discretionary relief as to the third ground for removal. Petitioner's conviction of a second crime involving moral turpitude in 1999 renders him removable. Under the provisions of IIRIRA, the Petitioner cannot seek "cancellation of removal" because his 1995 narcotics conviction is an "aggravated felony." Aggravated felons are ineligible for cancellation. See 8 U.S.C. §1229b(a)(3).

To avoid this straightforward application of the statutory scheme, Petitioner constructs a number of elaborate, but logically faulty, arguments. Petitioner argues that Congress could not have anticipated that §212(c) relief and cancellation relief could appear as issues in a single proceeding. Consequently, he argues a §212(c) waiver of the 1995 narcotics conviction (for which the Petitioner remains eligible) should have the effect of making the aggravated felony disappear for immigration purposes so that the statutory bar (rendering aggravated felons ineligible for cancellation) under 8 U.S.C. §1229b(a)(3) is not triggered. Recognizing that a grant of such relief with regard to the 1995 conviction would itself serve to disqualify the Petitioner from seeking cancellation, see 8 U.S.C. § 1229b(c)(6) (rendering ineligible any alien who has been granted §212(c) relief), petitioner argues that the bar to cancellation of removal is triggered only by a *prior* grant of section 212(c) relief and would not bar this Petitioner's request for relief if he is granted cancellation and 212(c) relief "simultaneously."[4] Petitioner's arguments lack merit.

---

[4] The Petitioner also argues that he is entitled to adjust his status. That argument is addressed separately. See infra, Section VI.

**II.    Petitioner Is Ineligible For Cancellation of Removal As an Aggravated Felon**

While it is undisputed that the Petitioner would have been eligible for §212(c) relief as a result of the 1995 conviction, that conviction cannot be viewed in a vacuum.  The Petitioner was subsequently convicted in 1999 for assault and battery by means of a dangerous weapon and was, as a consequence, ordered removed on the ground that he had committed two crimes of moral turpitude (the 1995 drug conviction and the 1999 assault conviction).  See 8 U.S.C. §1227(a)(2)(A)(ii).  With regard to a finding of removability based upon a 1999 conviction, the Petitioner must seek "cancellation of removal."

In substituting "cancellation of removal" Congress severely narrowed the availability of relief.  "Of particular interest here, it prohibits the Attorney General from exercising his or her discretion to halt the removal of any alien convicted of an aggravated felony. [8 U.S.C.] § 1229b(a)(3)." Carranza v. INS, 277 F.3d 65, 69-70 (1st Cir. 2002).  This Petitioner is statutorily barred from seeking "cancellation of removal" because the 1995 drug conviction is an "aggravated felony."  See 8 U.S.C. §1101(43)(B) (defining aggravated felony, *inter alia*, as any crime involving "illicit trafficking in a controlled substance").

The Petitioner's ineligibility for relief does not result from any unfair retroactive effect.[5]  Under St. Cyr, the request for §212(c) relief is evaluated "under the law then in effect . . . at the time of their plea."  St. Cyr, 533 U.S. at 326.  Thus, an alien convicted of a narcotics offense prior to the adoption of IIRIRA would be entitled to seek relief under former §212(c), regardless of IIRIRA's definition.  IIRIRA's restrictions on "cancellation of removal" would simply be

---

[5]Even if it did, Congress clearly intended the result.  See supra note 3.  Moreover, such a result does not run afoul of constitutional limitations.  See infra, note 9.

irrelevant.  For example, an alien who had a 1995 narcotics distribution conviction (clearly an "aggravated felony" under IIRIRA) would be eligible to seek §212(c) relief because such a request is evaluated "under the law then in effect . . . at the time of their plea." Id.

Conversely, the restrictions on "cancellation of removal" apply where an alien has been found to be removable because of a post-IIRIRA conviction.  There can be no retroactive application where the statute is applied to criminal convictions occurring after its effective date.  Having committed a subsequent offense in 1999, triggering post IIRIRA grounds for removal, the Petitioner became fully subject to that statute, including the limitations placed upon relief from removal.  Unlike the situation in St. Cyr, the Petitioner cannot argue that he detrimentally relied upon the availability of cancellation of removal when he pled guilty to assault charges in 1999.[6]  Cancellation of removal was statutorily unavailable to Petitioenr, as an aggravated felon, at the time he pled guilty.

As the Petitioner is ineligible to seek cancellation of removal for the finding of removability based upon his convictions for two crimes of moral turpitude, the IJ's finding must be upheld.

---

[6]The First Circuit has recognized the significance of reliance in determining retroactive effect under St. Cyr. In Dias v. INS, 311 F.3d 456 (1st Cir. 2002), the court determined that aliens convicted after jury trial prior to the adoption of AEDPA and IIRIRA could not seek section 212(c) relief because there had been no reliance.  "It follows that, having been convicted after a trial where there was not, and could not have been, reliance by the defendant on the availability of discretionary relief, Dias may not argue that the statute has impermissible retroactive effect as to him." Id. at 458.

**III.      If Petitioner Were Granted §212(c) Relief, Petitioner Would Remain Statutorily Barred From Seeking Cancellation of Removal**

The Petitioner contends that the IJ was authorized to grant §212(c) relief as to the 1995 conviction. As previously noted, this is undisputed. It would be pointless, however, for this Court to order the IJ to consider the Petitioner for such relief.

A grant of §212(c) relief with regard to the 1995 conviction would itself serve as a bar to cancellation of removal. See 8 U.S.C. §1229b(c)(6) (directing that an alien who has been granted §212(c) relief is ineligible for cancellation of removal). The existence of this provision confirms Congress' intent to withhold discretionary relief to an alien who had previously committed a crime triggering the necessity for discretionary relief under former §212(c). Thus, even were the Petitioner granted §212(c) relief with regard to the 1995 narcotics conviction, he would remain statutorily barred from seeking the relief of cancellation of removal with regard to the finding that he had committed two crimes involving moral turpitude.

The construction put forward by the Petitioner fundamentally misperceives Congressional intent. Congress expressly legislated that criminal aliens receive only one discretionary waiver. In adopting IIRIRA, Congress made any alien who has been granted §212(c) relief ineligible for cancellation of removal. See 8 U.S.C. §1229b(c)(6). That provision renders ineligible, "[a]n alien whose removal has previously been cancelled under this section or whose deportation was suspended under section 1254(a) of this title or who has been granted relief under section 1182(c) [§212(c)] of this title, as such sections were in effect before September 30, 1996." Id. The provision bars three classes of criminal alien, those "whose removal has previously been cancelled;" those "whose deportation was suspended under section 1254(a) of this title;" and/or those "who [have] been granted relief under section 1182(c)

11

[§212(c)] of this title." If the Petitioner were granted §212(c) relief, he would indisputably be an alien "who has been granted relief under section 1182(c) [§212(c)] of this title."[7]

The Petitioner argues that a §212(c) waiver of the 1995 narcotics conviction should have the effect of making the aggravated felony disappear for immigration purposes so that the statutory bar (rendering aggravated felons ineligible for cancellation of removal) under 8 U.S.C. §1229b(a)(3) is not triggered. Contrary to the premise underlying the Petitioner's argument, the grant of §212(c) relief would not preclude the 1995 narcotics conviction from serving as a predicate "aggravated felony" for purposes of disqualifying the Petitioner from the relief of cancellation of removal. See Section II, supra. In Matter of Balderas, 20 I&N Dec. 389, 391 (BIA 1991) (1991 WL 353526), the BIA held that:

> [S]ection 212(c) merely provides that an alien may be admitted to or, in the case of deportation proceedings, allowed to remain in the United States despite a finding of excludability or deportability. Thus, when section 212(c) relief is granted, the Attorney General does not issue a pardon or expungement of the conviction itself. Instead, the Attorney General grants the alien relief upon a determination that a favorable exercise of discretion is warranted on the particular facts presented, notwithstanding the alien's excludability or deportability. Therefore, since a grant of section 212(c) relief "waives" the finding of excludability or deportability rather than the basis of the excludability itself, the crimes alleged to be grounds for excludability or deportability do not disappear from the alien's record for immigration purposes.

Id. at 391. Thus, even if the Petitioner were granted §212(c) relief with regard to the 1995

---

[7]Even if this court were to determine that the provision provides a bar to relief for aliens "previously" granted relief under former §212(c), such a finding would not assist the Petitioner. The Petitioner is indisputably barred from seeking cancellation of removal as an aggravated felon. See 8 U.S.C. §1229b(a)(3) and Section II, supra. Even if a waiver under former §212(c) were somehow to abrogate the effect of that provision (an interpretation which the Respondents suggest is untenable), the Petitioner must first obtain a waiver under former §212(c) to become eligible for cancellation of removal.

narcotics conviction, such relief would not undercut Petitioner's ineligibility for cancellation of removal under the section barring cancellation for aggravated felons.

The Ninth Circuit has endorsed the reasoning of Matter of Balderas in Molina-Amezcua v. INS, 6 F.3d 646 (9th Cir. 1993). In that case a Mexican national had twice been ordered removed based upon criminal convictions and had twice been granted a waiver of deportation under 212(c). Upon conviction for a third offense, the Petitioner was ordered removed based upon the new conviction along with the past convictions. The Petitioner argued that INS could not rely upon the prior convictions, having waived deportation. In rejecting this argument, the Ninth Circuit stated:

> When the alien suffers another conviction--or engages in further misconduct cognizable under the immigration laws--the Attorney General must make a new decision whether to deport in light of the new information. In doing so, she must consider the totality of the alien's conduct and reweigh the equities. This is not a withdrawal of the earlier waiver; it is, rather, a recognition that waiver of deportation is a matter of discretion which may be exercised differently once there is a new triggering event, such as conviction of a new crime of moral turpitude. The earlier convictions, which may have warranted lenience standing by themselves, could require a harsher judgment once the alien has shown a pattern of misbehavior.

Id. at 648.

The Petitioner cites no authority whatsoever for the conclusion that a §212(c) waiver could "ameliorate the aggravated felony aspect" of the conviction so as to preclude operation of the statutory bar to cancellation of removal. As is clear from Matter of Balderas, the grant of a §212(c) waiver does not expunge the conviction, it remains a viable basis for removal "once there is a new triggering event, such as conviction of a new crime of moral turpitude." Molina-Amezcua, 6 F.3d at 648. The plain language of the statute controls. The Petitioner has been convicted of an aggravated felony, he is ineligible for cancellation of removal. 8 U.S.C.

§1229b(a)(3).

Consequently, the grant of §212(c) relief would not assist the Petitioner. Petitioner would remain removable based upon the finding that he had committed two crimes involving moral turpitude. Further, a grant of discretionary relief under former §212(c) would trigger the statutory bar prohibiting aliens granted such relief from seeking cancellation of removal. See 8 U.S.C. §1229b(c)(6).

Finally, there is no merit to the concept of "simultaneous" relief. In <u>Almeida v. Ashcroft</u>, 2003 WL 22533686 (D. R.I. 2003), the court rejected a virtually identical argument. Almeida, a citizen of Portugal, entered a plea of nolo contendere to charges of domestic assault in 1994 and cocaine possession in 1996. Almeida was found to be removable as an alien convicted of an aggravated felony (the 1994 domestic assault conviction), 8 U.S.C. § 1227(a)(2)(A)(iii), and as an alien convicted of a controlled substance violation (the 1996 cocaine conviction), 8 U.S.C. § 1227(a)(2)(B)(i). Before the BIA, Almeida "simultaneously" sought a §212(c) waiver as to the domestic assault conviction and cancellation of removal as to the drug charge. In upholding the BIA's determination that Almeida was ineligible for relief, the court found that the "aggravated felony" bar to cancellation of removal applied, regardless of whether a §212(c) waiver was granted for the 1994 domestic assault, and that Almeida would be statutorily ineligible for cancellation of removal by operation of 8 U.S.C. §1229b(c)(6) even if a §212(c) waiver had been granted. <u>Id</u>. at *2-3.

**VI.     The Petitioner Is Statutorily Ineligible to Adjust His Status**

Finally, Petitioner argues that he should be able to seek adjustment of status based upon his marriage to a United States citizen. Petition, ¶18. The Petitioner, however, is statutorily ineligible to adjust his status.

The Attorney General may adjust the status of an alien if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa <u>and is admissible to the United States</u> for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. §1255 (emphasis added).

Title 8, Section 1182(a)(2)(A)(i)(II) provides that aliens convicted of a controlled substance violation are inadmissible. 8 U.S.C. §1182(a)(2)(A)(i)(II).[8] Furthermore, the Petitioner is inadmissible as an aggravated felon and there is no discretion to waive this ground of inadmissibility. <u>See</u> 8 U.S.C. 1182(h)("No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony"). That provision expressly provides that "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection." <u>Id</u>.

The Petitioner also appears to raise an Equal Protection challenge to this provision

---

[8] An alien who is inadmissible under this section may seek a waiver of inadmissibility under section 8 U.S.C. §1182(h), insofar as the conviction relates to a single offense of simple possession of 30 grams or less of marijuana. 8 U.S.C. §1182(h). Since the respondent's offense relates to possession of cocaine, he is ineligible for this waiver.

contending that the statute impermissibly distinguishes between lawful and non-lawful permanent residents (convicted of aggravated felonies) by denying eligibility for waiver to the former, but not the latter. Petition, ¶17b. This equal protection challenge has been consistently rejected. See Taniguchi v. Schultz, 303 F.3d 950, 957-58 (9th Cir. 2002); De Leon-Reynoso v. Ashcroft, 293 F.3d 633, 639-640 (3rd Cir. 2002); Jankowski v. INS, 291 F.3d 172, 178 (2nd Cir. 2002); Moore v. Ashcroft, 251 F.3d 919, 925-26 (11th Cir. 2001); Lara-Ruiz v. INS, 241 F.3d 934, 947-48 (7th Cir. 2001).

Finally, the Petitioner appears to contend that the bar to adjustment of status is impermissibly retroactive when applied to his case, arguing that prior to 1996 (the enactment of IIRIRA), his 1995 narcotics conviction was not an aggravated felony. Thus, when the definition of aggravated felony was expanded by IIRIRA, he was retroactively disqualified from seeking adjustment of status. The argument is unavailing. Congress explicitly stated that the definition of "aggravated felony" was to be applied retroactively. See St. Cyr, 533 U.S. at 316 ("it is beyond dispute that, within constitutional limits,[9] Congress has the power to enact laws with

---

[9] The Supreme Court identified the constitutional limitations on retroactive legislation in Landgraf v. USI Film Products, 511 U.S. 244 (1994):
> The Ex Post Facto Clause flatly prohibits retroactive application of penal legislation. Article I, § 10, cl. 1, prohibits States from passing another type of retroactive legislation, laws "impairing the Obligation of Contracts." The Fifth Amendment's Takings Clause prevents the Legislature (and other government actors) from depriving private persons of vested property rights except for a "public use" and upon payment of "just compensation." The prohibitions on "Bills of Attainder" in Art. I, §§ 9-10, prohibit legislatures from singling out disfavored persons and meting out summary punishment for past conduct. . . .
> The Constitution's restrictions, of course, are of limited scope. Absent a violation of one of those specific provisions, the potential unfairness of retroactive civil legislation is not a sufficient reason for a court to fail to give a statute its intended scope.

Id., at 266-267. None of these limitations are implicated by the instant provision.

retrospective effect."). Further, the Supreme Court indicated in St Cyr, that the language of this provision indicates unambiguously Congresses' intention that it retroactively apply. See, St. Cyr, 533 U.S. at 319; see also, infra note 3.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Habeas Petition and Petitioner's Complaint for Declaratory and Injunctive Relief be dismissed, and that his motion for stay of deportation be denied.

By his attorneys,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Mark J. Grady
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA   02210
Tel. No. (617) 748-3136