United States District Court
For the District of Massachusetts

| |  |
|---|---|
| **JEAN COMAS** <br> Petitioner <br><br> VS <br><br> **JOSEPH F. MCDONOUGH** <br> Respondent | CA No. 04-10691-PBS |

### RESPONSE OF PETITIONER TO THE RESPONDENT'S MOTION TO DISMISS

The Second Circuit in Restropo vs. McElroy, 2004 U. S. App. Lexis 6247 (2nd Cir. 2004 sets forth the serious of the issues in this case.

> In this sense, deportation, like some other kinds of civil sanctions, combines an unmistakable punitive aspect with non-punitive aspects. *See, e.g.*, <u>Fong Haw Tan v. Phelan</u>, 333 U.S. 6, 10, 92 L. Ed. 433, 68 S. Ct. 374 (1948) (construing narrowly a statute providing for the deportation of convicted aliens because "deportation is a drastic measure and at times the equivalent of banishment or exile. It is the forfeiture for misconduct of a residence in this country. Such a forfeiture is a penalty.") (citation omitted); <u>Jordan v. De George</u>, 341 U.S. 223, 231, 95 L. Ed. 886, 71 S. Ct. 703 (1951) (applying the void-for-vagueness doctrine to a deportation statute because, though not a criminal statute, the statute imposed a "drastic measure," which is at times "the equivalent of banishment or exile") (quoting <u>Fong Haw Tan</u>, 333 U.S. at 10); *see* <u>id.</u> at 243 (Jackson, *J.*, dissenting, joined by Black and Frankfurter, *J.J*) ("We have said that deportation is equivalent to banishment or exile. Deportation proceedings technically are not criminal; but practically they are for they extend the criminal process of sentencing to include on the same convictions an additional punishment of deportation. If respondent were a citizen, his aggregate sentences of three years and a day would have been served long since and his punishment ended. But because of his alienage, he is about to begin a life sentence of exile from what has become home, of separation from his established means of livelihood for himself and his family of American citizens. This is a savage penalty and we believe due process of law requires standards for imposing it as definite and certain as those for conviction of crime.") (footnote omitted); <u>Costello v. INS</u>, 376 U.S. 120, 128, 131-32, 11 L. Ed. 2d 559, 84 S. Ct. 580 (1964); <u>United States</u>

*v. Restrepo*, 999 F.2d 640, 647 (2d Cir. 1993) (acknowledging that deportation, "as a 'forfeiture for misconduct of a residence in this country', is a civil *'penalty,'*") (quoting *Fong Haw Tan*, 333 U.S. at 10) (emphasis added). As such, procedures and limits more akin to those of criminal law may be appropriate. *Cf. State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 1519-21, 155 L. Ed. 2d 585 (2003) (emphasizing the punitive aspect of punitive damages and stating that substantive and procedural due process protections apply); *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 438-39, 149 L. Ed. 2d 674, 121 S. Ct. 1678 (2001) (observing that punitive damages may serve punitive purposes as well as non-punitive purposes, such as deterrence) (citing, *inter alia*, Polinsky & Shavell, *Punitive Damages: An Economic Analysis*, 111 Harv. L. Rev. 869 (1998) and *Ciraolo v. New York*, 216 F.3d 236, 244-45 (2d Cir. 2000) (Calabresi, *J.*, concurring)). NT. 16.

THERE IS NO CLEAR EVIDENCE THAT CONGRESS INTENDED TO BAR THE APPLICATIO OF TWO TYPES OF RELIEF IN ONE PROCEEDING.

The respondent asserts that the Congress expressly legislated that criminal aliens receive only one discretionary waiver. The statute refers to "an alien whose removal <u>has previously</u> been cancelled under this section or whose deportation was suspended under section 1254(a) of this title or who has been granted relief under section 1182(c) of this title as such sections <u>were in effect before September 30, 1996.</u> 8 U.S.C. §1229b(c)(6).(emphasis added). This language clearly refers to a separate proceeding under the law as it stood previously to the enactment of IIRIRA. Congress did not anticipate that the Supreme Court would reinstate 212(c) relief, even in the limited way it did in INS vs. *St. Cyr.* 533 U.S. 289 (2001).

Section 1229b(c)(6) provides that aliens who have previously received relief from removal under the stated provisions cannot receive relief from removal a second time. <u>The statute reflects a rational legislative decision that an alien should be excused from removal only one time.</u> Aliens who received waivers from removal under the statutory provisions that were in effect before the

enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, such as INA § 212(c), are considered to have exhausted their one opportunity for relief. Individuals who receive their first and only waiver under the new 8 U.S.C. § 1229b use their one opportunity for cancellation of removal at that time. Section 1229b(c)(6) does not violate equal protection *Gonzalez-Alvarado vs. Fasano*, 2004 U.s. App. Lexis 5438 (9th Cir 2004)

Respondent has cited *Almeida vs. Aschcroft*, 2003 WL 22533686, 2003 Dist Lexis 19934 (RI 2003) for support that petitioner is barred, but there is no real discussion or analysis by the Rhode Island Court. It merely cites 8 U.S.C. 1229b(c)(6) as a bar to the cancellation.

The petitioner is only seeking excuse from removal one time. This is consistent with the legislative intent.

The requested relief is similar to *Drax vs. Reno*, 338 F. 3rd 98 (Second Cir 2003 which permitted "Gabryelsky relief"[1] simultaneously to one convicted of a drug offense, using 212(c) relief and adjustment under 245a.

THE DENIAL OF 212(H) RELIEF TO THE PETITIONER IN THESE CIRCUMSTANCES VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.

Respondent argues that the Petitioner is not entitled to apply for 212(h) waiver relief because the Congress has barred such relief for lawful permanent residents 8 U.S.C. 1182(h).[2] Congress did not impose such a bar on lawful permanent residents, but permitted non-lawful permanent residents to still be eligible. This distinction has withstood constitutional challenge see e.g.

---

[1] "Gabryelsky relief" is where the alien is permitted to re-adjust his status simultaneously with a 212(h) or 212(c) waiver.
[2] Respondent suggests that the Court is without jurisdiction to review a decision by the Attorney General to grant such relief, however, that would be a review of a discretionary denial, here the respondent was not allowed to apply for such relief, and it is this denial that is the subject of this action.

3

*DeLeon-Reynoso vs. Ashcroft,* 293 F.3d 633 (Third Cir 2002). The First Circuit has applied a rational basis test for determining whether there is a denial of equal protection in the immigration law context. However, Congress never considered the effect of the simultaneous existence of 212(c) relief post 1996 with the limits it placed on those convicted of an aggravated felony for either cancellation or a 212(h) waiver. Since Congress never considered the possibility it is impossible for this or any other Court to state that there is a rational basis for the distinction.

In the context of Petitioner's situation there exists no rational basis for the distinction, since Congress never considered it. Therefore, the denial of cancellation or a 212(h) waiver to the Petitioner is a violation of the equal protection clause.

By is attorney

/s/ Michael D. Greenberg

Michael D. Greenberg Esq.
Law offices of Michael D. Greenberg
2343 Massachusetts Ave.
Cambridge, MA 02140
(617) 876-2020
BBO 209540

## Certificate of Service

I, Michael D. Greenberg do certify that on the 17th day of May 2004 I served a copy of this response on the attorney for the respondent, Mark J. Grady, AUSA, Office of the United States Attorney, One Courthouse Way, Suite 9200, Boston, MA 02210

_____
Michael D. Greenberg