**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| | ) | |
| JEAN COMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10691-PBS |
| | ) | |
| JOSEPH F. MCDONOUGH, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

March 23, 2005

Saris, U.S.D.J.

## I. INTRODUCTION

Habeas petitioner Jean Comas, a citizen of Haiti, asks this

Court to direct the Board of Immigration Appeals ("BIA") to

consider granting him discretionary relief from deportation under

former section 212(c) of the Immigration and Nationality Act

("INA"), 8 U.S.C. § 1182(c), and under current section 240A of

the INA, 8 U.S.C. § 1229b(a). Alternatively, he requests that the

BIA consider his application for an adjustment of status under 8

U.S.C. § 1255. Respondent Joseph F. McDonough, Sheriff of

Plymouth County, Massachusetts, moves to dismiss the petition for

failure to state a claim upon which relief may be granted. For

the reasons stated below, respondent's motion to dismiss is

**ALLOWED** as to petitioner's claim for combined 212(c) relief and

1

cancellation of removal, and **DENIED** as to his claim for

adjustment of status.  The adjustment of status claim is remanded

to the BIA for further proceedings.

## II. BACKGROUND

Petitioner, a citizen of Haiti, was admitted to the United

States as a lawful permanent resident in 1989. He is married to

an American citizen, and they have several children who are

American citizens.

In December 1995, petitioner pled guilty in Massachusetts

state court to cocaine trafficking and received a six-month

suspended sentence. He later violated his probation and served

the sentence. In April 1999, petitioner was convicted in

Massachusetts state court of assault and battery with a dangerous

weapon, and was sentenced to nine months in prison. Under the

INA, the 1995 offense is an aggravated felony, while the 1999

offense is not. See 8 U.S.C. § 1101(a)(43)(B)(illicit trafficking

in a controlled substance qualifies as aggravated felony); 8

U.S.C. § 1101(a)(43)(F)(crime of violence qualifies as aggravated

felony if the term of imprisonment is "at least one year").

On May 11, 2001, petitioner was served with a Notice to

Appear ("NTA") and placed in removal proceedings. The NTA was

based on petitioner's 1995 drug conviction, which qualified as an

aggravated felony and a controlled substance violation, allowing

for removal under 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. §

1227(a)(2)(B)(i), respectively. The NTA was later amended to add

that petitioner was removable under 8 U.S.C. § 1227(a)(2)(A)(ii),

as an alien convicted of two crimes involving moral turpitude

(the 1995 and 1999 convictions) and not arising under a single

scheme of criminal misconduct.

In the removal proceeding, petitioner sought discretionary

relief under former section 212(c) of the INA combined with

"cancellation of removal" under current section 240A, or

alternatively, an adjustment of his status based on his marriage

to a United States citizen.

On May 15, 2002, the Immigration Judge ("IJ") found

petitioner ineligible for relief and ordered deportation to

Haiti. The IJ held that although petitioner might be eligible for

relief as to removal based on the 1995 drug conviction, he could

not seek cancellation as to the 1999 charge, because cancellation

is prohibited for an alien that has been convicted of an

aggravated felony, 8 U.S.C. §1229b(a)(3), and the 1995 conviction

was for an aggravated felony. The IJ did not address petitioner's

adjustment of status claim. On December 12, 2003, the BIA adopted

and affirmed the IJ's ruling. As to the adjustment of status

claim, the BIA added:

> We only additionally note that, separate and apart from
> the ineligibility arising from his 1995 drug
> conviction, the respondent is not eligible for a waiver
> under section 212(h) of the Act because of his 1999
> aggravated felony conviction.

Both petitioner and respondent in this case agree that the BIA's characterization of petitioner's 1999 conviction as an aggravated felony was in legal error. 8 U.S.C. § 1101(a)(43).

## A. Applicable Law

Prior to 1996, permanent resident aliens who were deportable based on criminal convictions could apply for a so-called "212(c) waiver" of deportation. Discretion to grant such a waiver was vested in the United States Attorney General. See Carranza v. INS, 277 F.3d 65, 68 (1st Cir. 2002). In 1996, Congress amended the INA, significantly restricting 212(c) waivers under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, 110 Stat. 1214, and then abolishing 212(c) waivers altogether under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208. See Leitao v. Reno, 311 F.3d 453, 454 & n.2 (1st Cir. 2002).

The IIRIRA replaced 212(c) waivers with a new form of discretionary relief called "cancellation of removal." 8 U.S.C. § 1229b; see Carranza, 277 F.3d at 69-70. Cancellation of removal is more restrictive than the procedure for 212(c) waivers. The Attorney General may only cancel removal for a permanent resident alien if he "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3); INA 240A(a)(3); see Carranza, 277 F.3d at 70. The IIRIRA also prohibits cancellation of removal for aliens who were previously granted cancellation or a 212(c)

waiver. 8 U.S.C. § 1229b(c)(6) ("[Cancellation is prohibited for

any alien] whose removal has previously been cancelled under this

section or whose deportation was suspended under section 1254(a)

of this title or who has been granted relief under section

1182(c) of this title, as such sections were in effect before

September 30, 1996.").

In INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court

held that the IIRIRA's elimination of 212(c) waivers did not

apply retroactively to aliens who had pled guilty to crimes

before the effective date of the statute. Id. at 326. Under St.

Cyr, aliens such as petitioner here, who pled guilty to a crime

prior to the adoption of the IIRIRA, remain free to seek a 212(c)

waiver as to that conviction.

Aliens who are deportable may also apply to adjust their

status to that of a lawful permanent resident. 8 U.S.C. § 1255;

INA § 245(a). The decision as to whether to grant an adjustment

of status for a qualified alien is within the discretion of the

Attorney General. 8 U.S.C. § 1255.  An alien may not receive an

adjustment if he is not admissible to the United States as a

permanent resident at that time, 8 U.S.C. § 1255(a), and an alien

is not admissible if he has been convicted of a crime involving

moral turpitude or a crime related to a controlled substance, 8

U.S.C. § 1182(a)(2)(A)(i). This prohibition may be waived, in the

discretion of the Attorney General, if the alien is the spouse,

parent, or child of an American citizen and a denial would result in extreme hardship to the American citizen. 8 U.S.C. § 1182(h)(1)(B). Under the IIRIRA, such a waiver is prohibited for an alien who has been convicted of an aggravated felony. IIRIRA §348(a); 8 U.S.C. § 1182(h) ("No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if ... since the date of such admission the alien has been convicted of an aggravated felony."). A waiver is also impermissible as to an alien who has committed a controlled substances violation, unless the violation involved simple possession of thirty grams or less of marijuana. 8 U.S.C. § 1182(h).

### III. DISCUSSION

#### A. Habeas Review

Federal courts have "subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent that those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." Carranza, 277 F.3d at 71; see 28 U.S.C. § 2241. Legal questions may be raised in habeas petitions, while claims questioning an agency's factual findings generally may not. See Carranza, 277 F.3d at 72 n.6.

A court does not have habeas jurisdiction to review the

government's exercise of its prosecutorial discretion. Id. at 72.
Where a right to be considered for discretionary relief exists in
regulation or statute, however, a court may review a
determination as to eligibility for such consideration. See
Goncalves v. Reno, 144 F.3d 110, 125 (1st Cir. 1998); Carranza,
277 F.3d at 72 ("In the habeas context, we may conduct an inquiry
into the exercise *vel non* of discretion only when Congress has
afforded the alien a statutory right to be considered for
discretionary relief.").

B. **Petitioner's Claims**

Petitioner does not contest his convictions, nor does he
contest that these convictions render him removable as an alien
who has committed (1) a controlled substances violation, (2) an
aggravated felony, and (3) two crimes of moral turpitude not
arising under a single scheme of criminal misconduct. Petitioner
asserts, however, that he is eligible for discretionary relief as
to all three grounds. Petitioner also claims eligibility for an
adjustment of status.

1. *212(c) Relief and Cancellation of Removal*

The IJ found that petitioner is eligible for discretionary
relief as to the first two grounds for removal, because both are
based on the 1995 conviction, for which a 212(c) waiver remains
available under St. Cyr. The IJ rejected the possibility of
discretionary relief as to the third ground for removal, however,

reasoning that cancellation of removal would apply to the 1999 conviction, that cancellation is not permitted for aggravated felons, and that petitioner is an aggravated felon based on the 1995 conviction.

Petitioner asserts that this reasoning is flawed. He argues that a 212(c) waiver as to his 1995 conviction would make the aggravated felony "disappear" for purposes of cancellation of removal, allowing for cancellation as to the 1999 conviction and preventing removal.

Even if petitioner is granted a 212(c) waiver on his 1995 conviction, that conviction may still be one of the "two crimes involving moral turpitude" that provide a basis for removal under 8 U.S.C. § 1227(a)(2)(A)(ii). The BIA so held in Matter of Balderas, Interim Decision 3159, 20 I & N Dec. 389 (BIA 1991), and two circuit courts have confirmed this ruling. Molina-Amezcua v. I.N.S., 6 F.3d 646, 647-48 (9th Cir. 1993) (holding that a conviction could be used as grounds for deportation of an alien as one of two crimes involving moral turpitude, even though the conviction had previously been waived under 212(c)); Molenda v. I.N.S., 998 F.2d 291, 294-95 (5th Cir. 1993) (same).

The harder question is whether the 1995 conviction, as an aggravated felony, would make petitioner ineligible for cancellation of removal under 8 U.S.C. §1229b(a)(3) for the 1999 conviction, even if petitioner is granted a 212(c) waiver as to

the 1995 conviction.

This Court need not decide that question, however, because if petitioner received a 212(c) waiver as to his 1995 conviction, he would be barred from seeking cancellation of removal for his 1999 conviction under the IIRIRA's prohibition of cancellation of removal for aliens who have been granted 212(c) waivers or cancellation in the past. 8 U.S.C. § 1229b(c)(6). Petitioner argues that this rule relates to aliens who were granted relief in a *prior* proceeding, and does not apply to a "simultaneous" 212(c) waiver of one conviction and cancellation of the second, as would occur here. He reasons that Congress could not have envisioned such simultaneous relief when it enacted the IIRIRA, because it abolished 212(c) waivers in the same act in which it established cancellation of removal.

I disagree. The statute does not specify that the waiver be in a prior proceeding, but simply that it be prior in time. Petitioner would have to receive a 212(c) waiver of the 1995 conviction before the cancellation of the 1999 conviction, because otherwise he would clearly be banned from receiving a cancellation as an aggravated felon. The 212(c) waiver would have to be prior to the cancellation. Accordingly, petitioner is statutorily ineligible for cancellation.

## 2. *Adjustment of Status*

Petitioner also claims that he should be considered for an adjustment of status under 8 U.S.C. § 1255, because he is eligible for an 1182(h) waiver of the prohibition against adjustment of status contained in 8 U.S.C. § 1182(a)(2)(A)(i). An 1182(h) waiver is not permitted for an alien who has been convicted of an aggravated felony. Petitioner argues, however, that a 212(c) waiver of his 1995 aggravated felony conviction would prevent application of the aggravated felony bar and allow him to be considered for adjustment of status.

This issue was not adequately addressed by the IJ or by the BIA. The IJ did not mention petitioner's adjustment of status claim at all, and the BIA stated only that "the respondent is not eligible for a waiver under section 212(h) of the Act because of his 1999 aggravated felony conviction." As both parties agree that petitioner's 1999 conviction did not qualify as an aggravated felony, 8 U.S.C. § 1101(a)(43), the BIA's holding regarding petitioner's adjustment of status claim is premised on a legal error. The case is therefore remanded to the BIA for further proceedings on this issue.

## IV. ORDER

The Court **ALLOWS** respondent's motion to dismiss (Docket No. 4) as to petitioner's claim to be considered for combined 212(c)

relief and cancellation of removal. The Court **DENIES** the motion as to petitioner's claim to be considered for adjustment of status, and remands the case to the BIA as to this issue.  The Court stays removal pending the BIA proceedings.


_____
PATTI B. SARIS
United States District Judge