

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**GREENBERG,MICHAEL D., ESQUIRE**
**2343 MASSACHUSETTS AVE.**
**CAMBRIDGE, MA 02140-0000**

**Office of the District Counsel/BOS**
**P.O. Box 8728**
**Boston, MA 02114**

**Name: COMAS, JEAN LAMOUR** **A41-486-234**

**Date of this notice: 1/22/2008**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Donna Carr

Donna Carr
Chief Clerk

Enclosure

Panel Members:
HOLMES, DAVID B.

tranc

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A41 486 234 - Boston, MA

Date: JAN 22 2008

In re: JEAN LAMOUR COMAS

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Michael D. Greenberg, Esquire

ON BEHALF OF DHS: Eileen M. Connolly
Appellate Counsel

CHARGE:

Notice: Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of aggravated felony under section 101(a)(43)(B)

Sec. 237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] - Convicted of controlled substance violation

Lodged: Sec. 237(a)(2)(A)(ii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(ii)] - Convicted of two or more crimes involving moral turpitude

APPLICATION: Section 212(c) and 212(h) waivers; adjustment of status

This matter was last before us on December 12, 2003, when we summarily affirmed an Immigration Judge's May 15, 2002, decision pretermitting the respondent's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a). The Immigration Judge had concluded that the respondent's 1995 aggravated felony conviction would preclude section 240A(a) cancellation even if his removabilty based on that conviction was waived with a section 212(c) waiver. We also noted that the respondent was ineligible for a waiver under section 212(h) of the Act because of a subsequent 1999 felony conviction.

The respondent petitioned the United States District Court for the District of Massachusetts for a writ of habeas corpus directing us, in pertinent part, to consider whether he is eligible for adjustment of status under section 245 of the Act in conjunction with waivers under sections 212(c) and (h) of the Act. On March 23, 2005,[1] the district court, observing that our December 12, 2003, decision was premised on the legal error of characterizing the respondent's 1999 assault and battery

[1] We note that the District Court's decision was not brought to the Board's attention until July 2007.

conviction as an aggravated felony, issued an order remanding the case to the Board for further proceedings as to the issue of adjustment of status.

On remand, the respondent argues that he is eligible for a section 212(c) waiver for his 1995 aggravated felony conviction. He further asserts that he qualifies for a waiver under section 212(h) for his 1999 assault and battery conviction, despite the proscription in section 212(h)(2) against the availability of such a waiver to an alien who has been convicted of an aggravated felony. The respondent theorizes that Congress, in establishing the statutory framework under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub.L.No. 104-208, 110 Stat. 3009-546 (IIRIRA) that barred an aggravated felon from obtaining a section 212(h) waiver, did not contemplate that relief under former section 212(c) would remain available. He reasons that *INS v. St. Cyr*, 533 U.S. 289 (2001) mandates reading the Act's bar on section 212(h) relief for aggravated felons as limited to those individuals who are convicted of aggravated felonies that cannot be waived by a section 212(c) waiver. Thus, he posits, because a section 212(c) waiver is available for his 1995 aggravated felony conviction, he can obtain a 212(h) waiver for his 1999 conviction, which will eliminate the inadmissibility impediment to his adjustment of status. The respondent also contends that the Board's holding in *Matter of Balderas*, 20 I&N Dec. 389 (1991)[2] does not prevent a section 212(c) waiver from eliminating the "aggravated felony" effect of his 1995 conviction, thereby rendering inapplicable the statutory bar to the relief he seeks.

In *Matter of Yeung*, 21 I&N Dec. 610, 611 (BIA 1997), we acknowledged Congress' intent to clearly bar aliens convicted of aggravated felonies after their admission as lawful permanent residents from obtaining a waiver under section 212(h) of the Act. We noted that Congress, which has "almost unfettered power to decide which aliens may come to and remain in this country," had amended section 212(h) under section 348(a) of IIRIRA to provide for the unavailability of section 212(h) relief to aggravated felons in a manifestation of its desire to limit the relief available to aliens who commit crimes. *See Matter of Yeung*, *supra* at 611-612. We are not persuaded by the respondent's interpretation of the applicability of *INS v. St. Cyr*, as we see no indication that Congress intended to expand the availability of a section 212(h) waiver to aliens convicted of certain aggravated felonies depending on what other forms of relief might be available.

Additionally, we reject the respondent's reading of *Matter of Balderas*, *supra*, as we have continually interpreted our decision to provide that a grant of a waiver under section 212(c) of the Act does not nullify the conviction for purposes of applications for other forms of relief. Consequently, we find that the respondent may not waive his inadmissibility based on his 1999 assault and battery conviction by obtaining a section 212(h) waiver, as his 1995 aggravated felony conviction serves as a statutory bar to a waiver even if he can obtain a section 212(c) waiver

---

2 In *Matter of Balderas*, *supra* at 393, we held that a conviction relied upon to support a charge of deportability may subsequently be alleged as one of the "two crimes involving moral turpitude" in a second proceeding, even where the first proceeding was terminated with the grant of a section 212(c) waiver, where the second crime alleged is a subsequent conviction or a conviction not disclosed in the prior proceeding.

for that conviction. Since he cannot overcome his status as inadmissible, he cannot adjust his status under section 245 of the Act.

Accordingly, the following order will be entered.

ORDER: The appeal is dismissed.

FOR THE BOARD

A-NUM : 041486234 LAST-NAME : COMAS
NATLTY: HAITI FIRST-NAME: JEAN LAMOUR

DCO: BOS CASE-CAT: 3 OFF-ID D13 CALL-UP-DATE: 11/25/2007 CHARGE-IN: R2A3
ENT-DATE: 03/01/1989 ENT-CLASS: IM ENT-PLACE: NYC SP-CLASS: NO
AG-FELON: OT MAND-DET: N ALERT-CODE:

CRIME: Y JAIL: N DETENTION: Y COMMENTS: Y BOND: N REL-FILE: N

FILE-LOC : BOS/DRO APPR-DATE: 03/26/2004 APPR-PLACE : FALL RIVER, MA
DATE-TD-REQ: 07/25/2007 DATE-TD-REC: DATE-TD-EXP:
PRIO-DATE: PREF:

ATTY-ID : LOCAL-FGN-CHK-DATE: I-94:
DATE-FWD-TO-TA: DATE-TO-INV:
CONSUL-NOTF-DATE:

DATE-ENTERED: 05/15/2001 DATE-LAST-UPDATE: 10/12/2007

COMMAND: CASS A-NUM: 041486234

NAUTHORIZED DCO